# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-908V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>ANTHONY MIRRA, <i>Individually and as the representative of the estate of</i> NANCY TONER,</td><td>*<br>*<br>*<br>*</td><td></td></tr>
<tr><td></td><td>*</td><td>Filed: May 31, 2016</td></tr>
<tr><td>Petitioner,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>Decision by Stipulation; Damages;</td></tr>
<tr><td></td><td>*</td><td>Influenza ("Flu") Vaccination;</td></tr>
<tr><td>SECRETARY OF HEALTH</td><td>*</td><td>Guillain-Barré Syndrome ("GBS");</td></tr>
<tr><td>AND HUMAN SERVICES,</td><td>*</td><td>Chronic Inflammatory Demyelinating</td></tr>
<tr><td></td><td>*</td><td>Polyneuropathy ("CIDP").</td></tr>
<tr><td>Respondent.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Michael J. Williams*, Cellino and Barnes, P.C., Buffalo, NY, for Petitioner.

*Gordon Elliot Shemin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On September 26, 2014, Anthony Mirra filed a petition, on behalf of the Estate of Nancy Toner, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that Ms. Toner suffered from Guillain-Barré syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of her receipt of the influenza ("flu") vaccine on or about September 29, 2011. Moreover, Petitioner alleges that Ms. Toner's death on August 12, 2014, was a sequela of her GBS and/or CIDP.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that Ms. Toner suffered any injury as a result of the flu vaccine administered on or about September 29, 2011, and further denies that Ms. Toner's death was a sequela of her alleged vaccine-related GBS and/or CIDP. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on May 31, 2016) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $6,616.93, which represents reimbursement of a State of New York Medicaid lien, in the form of a check payable jointly to Petitioner and

  NYC Human Resources Administration
  P.O. Box 414799
  Boston, MA 02241

Petitioner agrees to endorse this payment to the State; and

- A lump sum of $475,000.00 in the form of a check payable to Petitioner as Legal Representative of the Estate of Nancy Toner.

Stipulation ¶ 8. This amounts represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| ANTHONY MIRRA, Individually and as the Representative of the Estate of NANCY TONER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 14-908V<br>Special Master Corcoran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of the Estate of Nancy Toner ("Ms. Toner"). The petition seeks compensation for injuries allegedly related to Ms. Toner's receipt of an influenza ("flu") which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ms. Toner received her flu vaccination on or about September 29, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that as a result of receiving the flu vaccine, Ms. Toner suffered Guillain-Barre syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP"), and further alleges that Ms. Toner's death on August 12, 2014 was a sequela of her GBS and/or CIDP.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on behalf of Ms. Toner as a result of her condition and/or her death.

6. Respondent denies that Ms. Toner suffered any injury as a result of the flu

immunization administered on or about September 29, 2011, and further denies that Ms. Toner's

death was a sequela of her allegedly vaccine-related GBS and/or CIDP.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioner has filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payments:

    a.    A lump sum of $6,616.93, which represents reimbursement of a State of New
        York Medicaid lien, in the form of a check payable jointly to petitioner and

            NYC Human Resources Administration
            P.O. Box 414799
            Boston, MA 02241

Petitioner agrees to endorse this payment to the State; and

    b.    A lump sum of $475,000.00 in the form of a check payable to petitioner as Legal
        Representative of the Estate of Nancy Toner. This amount represents
        compensation for all remaining damages that would be available under 42 U.S.C.
        § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after

petitioner has filed both a proper and timely election to receive compensation pursuant to 42

U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.  Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Ms. Toner's estate under the laws of the State of New York.  No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as the legal representative of Ms. Toner's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of Ms. Toner's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party of parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of Nancy Toner upon submission of written documentation of such appointment to the Secretary.

12.  In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as the legal representative of Ms. Toner's estate, on his own behalf, and on behalf of the Estate and Ms. Toner's heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Toner resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 29, 2011, as alleged in a petition for vaccine compensation filed on or about September 26, 2014, in the United States Court of Federal Claims as petition No. 14-908V.

13.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Toner's alleged GBS, CIDP, or any other injury or death.

16.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of Nancy Toner.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

ANTHONY MIRRA

**ATTORNEY OF RECORD FOR
PETITIONER:**

MICHAEL J. WILLIAMS
Cellino & Barnes, P.C.
350 Main Street, 25th Floor
2500 Main Place Tower
Buffalo, New York 14202-3725
(716) 854-2020

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, MD
Acting Director, Division of Injury
Compensation Programs (DICP),
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: May 3, 2016